UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHREE PADNEY,<br><br>Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:25-cv-3749-CKD<br><br><u>ORDER</u> |

Plaintiff Shree Padney commenced this action on April 15, 2025, by filing a complaint in the Yolo County Superior Court against defendants The Regents of the University of California ("Regents"). (ECF No. 1, Ex. A.) On November 3, 2025, plaintiff filed an amended complaint adding defendant Dr. Jeffrey Pearl ("Pearl"). (ECF No. 1, Ex. J.) The case was removed to federal court on December 29, 2025. (ECF No. 1.) Before the court are Pearl's and the Regents' separate motions to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 9 & 10.) Both motions have been fully briefed. (ECF Nos. 9, 14 & 7 (Pearl); EFC Nos. 10, 13 & 16 (Regents.)). On January 29, 2026, both motions were submitted without oral argument. (ECF No. 15.) On April 29, 2026, this case was reassigned to the undersigned magistrate judge for all purposes by consent of the parties. (ECF No. 21.)

////

## I. The Amended Complaint

Beginning in 2019, plaintiff, a California resident, was enrolled in the University of California, Davis Physician Assistant ("PA") program. (Compl., ¶ 1, 3.) The Regents are a public entity governing the University of California System, including the UC Davis PA program. (Id., 4.) Pearl, who is sued in his individual capacity, was at all relevant times a faculty member in the UC Davis PA program. (Id., 5.) Plaintiff alleges as follows:

Plaintiff, a student of South Asian descent and native Nepali speaker, enrolled in the UC Davis PA program in 2019 and successfully completed coursework and clinical rotations through 2021. (Id., ¶¶ 1, 8.) Plaintiff was subjected to "repeated discriminatory comments by faculty, including Dr. Jeffrey Pearl, who mocked Plaintiff's accent and stated, 'You may be a better medical assistant but not a physician assistant.'" (Id., ¶ 9.) Pearl allegedly referred to plaintiff's accent as "weird" or "odd" and "regularly questioned [his] ability to succeed in the program[.]" (Id., ¶ 10.) Another UC Davis faculty member "submitted a written statement corroborating discriminatory behavior by Dr. Pearl and others." (Id., ¶ 11.)

Plaintiff was failed in the Objective Structured Clinical Examination (OSCE) "based solely on his performance on one day, contrary to the program's written policy, which required only an overall score of 70%, a threshold Plaintiff met." (Id., ¶ 12.) Defendant Pearl was the sole evaluator who failed plaintiff. (Id., ¶ 13.) According to academic policy, all official interactions between students and faculty are recorded. (Id., ¶ 17.) Pearl stated, on the record, about plaintiff: "You will never be able to pass as long as I am the program director. You will never practice medicine under my watch. I will make sure of that." (Id., ¶ 16.) These remarks were witnessed by another faculty member during a Zoom meeting. (Id.) As a result of the failing grade, plaintiff was disqualified from the PA program in January 2022. (Id., ¶ 17.)

Plaintiff appealed the decision and, in March 2022, UC Davis reversed the disqualification, acknowledging errors in the evaluation and "confirming that [his] dismissal was unwarranted." (Id., ¶ 19.) The reversal delayed plaintiff's graduation by more than two years, causing significant economic losses and emotional trauma. (Id., ¶ 20.) Plaintiff's May 2023 complaint to the U.S. Equal Employment Opportunity Commission did not receive a response.

(Id., ¶ 21.)

Plaintiff asserts the following causes of action[1]: (1) breach of contract (against Regents), (2) breach of implied covenant of good faith and fair dealing; (3) discrimination based on national origin and race under 42 U.S.C. § 2000d and Cal. Gov. Code § 11135; (4) violation of due process rights under 42 U.S.C. § 1983 and Cal. Constitution Art. 1, § 7; (5) retaliation (against Regents); (6) intentional infliction of emotional distress (against Pearl); (7) negligent hiring, supervision, and retention (against Regents); and (8) failure to prevent discrimination under Cal. Gov. Code § 12940(k) (Regents). (Id., ¶¶ 22-81.) Plaintiff seeks general and compensatory damages, special damages, punitive damages, fees and costs, and all other relief the court deems proper. (Id. at 10-11.)

## II. Legal Standards for Dismissal Under Rule 12(b)(6)

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Particularly because plaintiff proceeds pro se, the court liberally construes the pleadings and affords plaintiff the benefit of any doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir. 1985). Nevertheless, the court does not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). A court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions," despite such documents not being physically attached to the pleadings. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the

[1] Claims are against both defendants unless otherwise noted.

applicable statute of limitations when the running of the statute is apparent on the face of the complaint. Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Id. (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)).

**III. Pearl's Motion to Dismiss**

Plaintiff asserts Claims 2, 3, 4 and 6 against defendant Pearl. Pearl argues that Claim 2 (breach of implied covenant of good faith and fair dealing) must be dismissed due to the lack of a contract between Pearl and plaintiff. Pearl asserts that Claim 3 (discrimination) is also subject to dismissal because the statutes do not apply to individual defendants and/or only provide for equitable relief. Pearl argues that the remaining claims are barred by the statute of limitations. (ECF No. 9-1.)

In opposition to the motion, plaintiff asserts that none of his claims are time-barred because they did not accrue until UC Davis formally reversed his dismissal from the program. Plaintiff asserts that his claims were equitably tolled while he pursued administrative appeals. (ECF No. 14 at 3-4.) Plaintiff argues that his claims are adequately pled under Rule 12(b)(6), as is his challenged request for punitive damages against defendant Pearl. (Id. at 4-5.)

In reply, Pearl asserts that the claims accrued, at the latest, in March 2022, when UC Davis reversed plaintiff's dismissal from the PA program. (ECF No. 17 at 2.) Because this action was filed April 15, 2025, he argues, the claims are time-barred, and equitable tolling does not apply. (Id.)

A. Claim 2: Breach of Implied Covenant of Good Faith and Fear Dealing

Defendant Pearl argues that plaintiff fails to plead a cause of action for breach of the implied covenant of good faith and faith dealing (Claim 2) against him because no contract existed between them. "The prerequisite for any action of the implied covenant of good faith and fair dealing is the existence of a contract between the parties, since the covenant is an implied term in the contract." Smith v. City and County of San Francisco, 225 Cal.App.3d 38, 49 (1990); see, e..g, Jones v. CitiMortgage, Inc., 2013 WL 504761, *8 (E.D. Cal. Feb. 8, 2013) (quoting

Smith). Plaintiff has not pled the existence of a contract between himself and Pearl, nor does he address this argument in his opposition to the motion. Claim 2 is subject to dismissal as to defendant Pearl under Rule 12(b)(6).

B. Claim 3: Race or National Origin Discrimination

Plaintiff's third claim for race and national origin discrimination has federal and state components. Defendant Pearl argues that both aspects of the claim should be dismissed.

A Title VI claim under section 42 U.S.C. § 2000d forbids any program or activity which receives federal funds to discriminate on the basis of race, color, or national origin. To state a claim for damages under Title VI, a plaintiff must allege that (1) the entity involved engaged in unlawful discrimination; and (2) the entity involved was receiving federal financial assistance." Cabrera v. Alvarez, 977 F. Supp. 2d 969, 980 (N.D. Cal. Mar. 27, 2013). "[D]istrict courts in the Ninth Circuit have noted that § 2000d does not provide for relief against individual defendants." Braunstein v. Arizona, 2008 WL 11447902, at *2 (D. Ariz. May 1, 2008). Defendant Pearl argues that he is not subject to suit under the statute as an individual, and plaintiff does not dispute this in his opposition. Plaintiff's § 2000d claim is subject to dismissal for failure to state a claim.

Cal. Govt. Code section 11135 bars any state-funded program or activity from discriminating on the base of race, national origin, and other characteristics. Per legislative amendment, enforcement of the statute is limited to "a civil action for equitable relief." Donovan v. Poway Unified School Dist., 167 Cal. App. 4th 567, 594 (2008). Defendant Pearl asserts that plaintiff's claim for damages against him under this statute is subject to dismissal, and plaintiff does not dispute this in his opposition. Plaintiff's § 11135 claim is subject to dismissal for failure to state a claim.

C. Claims 4 (Due Process) and 6 (IIED)

Defendant Pearl argues that Claim 4 (§ 1983 due process) and Claim 6 (IIED) should be dismissed as time-barred.[2] Plaintiff argues that the claims are timely due to equitable tolling

[2] The court does not reach Pearl's argument that Claim 3 (race and national origin discrimination) is time-barred, because it is subject to dismissal for other reasons as discussed above.

and/or the continuing violations doctrine.

Plaintiff was disqualified from the UC Davis PA program in January 2022 based on the failing grade by defendant Dr. Pearl. Plaintiff contends his claims accrued in March 2022, when "UC reversed the disqualification, acknowledging procedural and substantive errors and confirming Plaintiff's dismissal was unwarranted." (Compl., ¶ 19.) Defendant Pearl argues that, even if the claims accrued in March 2022, they are time-barred because plaintiff filed suit more than three years later on April 15, 2025.

Plaintiff's 42 U.S.C. § 1983 due process claim has a two-year statute of limitations under California law. Wallace v. Kato, 549 U.S. 384, 387 (2007); Shalabi v. City of Fontana, 35 Cal. App. 5th 639, 642 (2019); Cal. Code. Civ. Proc. § 335.1. Plaintiff's IIIED claim also has a two-year statute of limitations. Wassman v. South Orange County Comm. College District, 24 Cal. App. 5th 825, 852-53 (2018); Cal. Code Civ. Proc. § 335.1. Absent tolling, these claims were time-barred after some unspecified date in March 2024.

Plaintiff asserts that the claims were equitably tolled because "he pursued academic appeals through March 2022 and later filed an administrative complaint." (ECF No. 14 at 4; see Compl., ¶¶ 19, 21.)

"Under California law, equitable tolling relieves plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage." Akhtar v. Mesa, 2014 WL 1922576, *7, n.6 (E.D. Cal. May 14, 2014) (citation modified; quoting Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1137 (9th Cir. 2001)). "Pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy [a] three-pronged standard[:] 1) the defendants must have had timely notice by the filing of the first claim; 2) defendants are not prejudiced in gathering evidence for the second claim; 3) plaintiff's conduct in the filing of the second [or amended] complaint was reasonable and based on good faith." Id. (citation modified; citing Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993)).

> The second element, lack of prejudice in gathering evidence, is particularly significant. Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924 & n.5 (1983); see also Daviton, 241 F.3d at 1137

> (describing Collier with approval as "the most oft-quoted formulation of California's law"). The similarity of the claims is relevant to that element, and courts must examine "whether the facts of the two claims are 'at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second.'" Cervantes, 5 F.3d at 1276 (quoting Collier, 142 Cal. App. 3d at 925). Courts may not, however, bypass the three-part test entirely and dismiss based on only a "threshold inquiry" of similarity. Id. at 1275−76.

Belete v. Oaks Corner, 2016 WL 639510, *4 (N.D. Cal. Oct. 28, 2016). Under California law, "the equitable tolling doctrine is applied sparingly and in extreme cases on a case-by-case analysis." U.S. Equal Employment Opportunity Commission v. PC Iron, Inc., 316 F. Supp. 3d 1221, 1230 (S.D. Cal. May 1, 2018) (quoting Scholar v. Pacific Bell, 963 F.2d 264, 267 (9th Cir. 1992); citation modified).

Here, plaintiff seeks equitable tolling for his pursuit of internal UC remedies up until the March 2022 decision reversing his dismissal. However, assuming the claims accrued when the March 2022 decision issued, plaintiff's prior pursuit of remedies does not serve to toll the three-plus-year period between March 2022 and April 2025. A limitations period that has not yet started cannot be tolled.

Plaintiff also seeks equitable tolling of his § 1983 and IIED claims based on his May 2023 filing of a complaint with the EEOC, to which the agency never responded. As to the § 1983 due process claim, a court in this district has explained that "caselaw . . . all but forecloses [this] argument." Bolden-Hardge v. Office of the California State Controller, 2025 WL 2495655, *9 (E.D. Cal. Aug. 29, 2025). Multiple "district courts have held that an EEOC proceeding does not toll the limitations period for a Section 1983 claim." Id. (collecting cases). Thus, "the statute of limitations for a Section 1983 claim runs during the pendency of an EEOC proceeding." (Id.)

As to the IIED claim, plaintiff has not pled enough facts about his EEOC complaint for the court to determine whether the claims are similar under the above test. At any rate, defendant argues that the EEOC complaint was untimely under the agency's rules and therefore cannot toll the limitations period. A plaintiff must file an administrative charge with the EEOC no later than 180 days after the allegedly unlawful practice occurred or, in some circumstances, 300 days afterward. 42 U.S.C. §2000e-5(e)(1). Assuming arguendo that the clock started in March 2022,

plaintiff alleges that he filed an EEOC complaint more than a year later in May 2023. The EEOC never responded. "California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation," though dismissal on the pleadings is warranted "where some fact apparent from the face of the complaint demonstrates that equitable tolling does not apply to an otherwise time barred claim." Belete, 2016 WL 6393510, *4. Here, it is apparent from the face of the complaint that plaintiff's pursuit of a remedy with the EEOC was untimely, and the agency took no action after it was filed. Plaintiff's belated filing of a EEOC complaint is not a "reasonable" attempt to pursue remedies and does not toll the limitations period for his IIED claim.

In addition to arguing for equitable tolling, plaintiff argues that his claims are timely under the continuing violations doctrine. Plaintiff cites the after-effects of the alleged discrimination—"delayed graduation, loss of professional opportunity, and emotional harm"—as the continuing violations. (ECF No. 14 at 4.) However, that doctrine is "triggered by continual unlawful acts, not by continual ill effects from the original violation." Herrera v. City of Espanola, 32 F. 4th 980, 993 (10th Cir. 2022) (quoting Hamer v. City of Trinidad, 924 F.3d 1093, 1099 (10th Cir. 2019). The last alleged violation of plaintiff's rights took place in January 2022, when he was dismissed from the PA program due to his failing grade from Pearl. Plaintiff's § 1983 due process and IIED claims, filed more than three years after January 2022, are barred by the two-year statute of limitations for both claims.

In Claim 4, plaintiff also asserts a due process claim against defendant Pearl based on Cal. Constitution Article 1, Section 7. However, "numerous federal district courts in California have concluded that a plaintiff cannot recover monetary damages for an asserted violation of Section 7, and thus, any such claim is not cognizable and must be dismissed." Cravotta v. County of Sacramento, 717 F. Supp. 3d 941, 960 (E.D. Cal. Feb. 15, 2024) (citation modified) (collecting cases). Plaintiff's state due process claim is subject to dismissal under Rule 12(b)(6).

For the foregoing reasons, the court will grant defendant Pearl's motion to dismiss in its entirety. As plaintiff has had the opportunity to argue the statute of limitations issue and it does not appear the complaint can be cured by amendment with respect to the above claims, the court

will not grant leave to amend as to defendant Pearl.

**IV. Regents' Motion to Dismiss**

Plaintiff asserts Claims 1, 2, 3, 4, 5, 7, and 8 against defendant Regents. Defendant Regents argue that, as a public entity, they are not liable for common law causes of actions, only statutory causes of actions, and all plaintiff's common law claims should be dismissed. The Regents argue that several of plaintiff's claims are time-barred and/or should be dismissed or failure to state a claim. The Regents also move to strike plaintiff's claim for punitive damages against them as a public entity.

In opposition to the motion, plaintiff argues that the law does not foreclose public entity liability for common law claims. As to timeliness, plaintiff argues that equitable tolling and the continuing violations doctrine render his claims timely. He argues that his claims are adequately pled under Rule 12(b)(6). Plaintiff does not dispute that public entities are immune from punitive damages.

In reply, defendant Regents reiterates its arguments and requests that the complaint be dismissed in its entirety without leave to amend.

A. Claims 1, 2, 5 & 7: Common Law Claims

Plaintiff asserts claims for breach of contract (Claim 1), breach of the implied covenant of good faith and fair dealing (Claim 2), retaliation (Claim 5), and negligent hiring, supervision and retention (Claim 7) against defendant UC Regents. Defendant argues that, because the Regents are a public entity, liability is governed exclusively by statute pursuant to the California Tort Claims Act (CTCA), which provides that, "[e]xcept as otherwise provided by statute, [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or any other person." Cal. Gov. Code § 815(a).

The CTCA abolished common law governmental tort liability. Becerra v. County of Santa Cruz, 68 Cal. App. 4th 1450, 1457 (1998). All government tort liability is dependent on the existence of an authorizing statute or enactment. Searcy v. Hemet Unified School Dist., 177 Cal. App. 3d 792, 798 (1986) (citing Cal. Gov't Code §§ 815(a), 815.6). "[T]o state a cause of action every fact essential to the existence of statutory liability must be pleaded with particularity,

including the existence of a statutory duty." Id. at 802. "Since the duty of a governmental agency can only be created by statute or 'enactment,' the statute or 'enactment' claimed to establish the duty must at the very least be identified." Id.

Plaintiff argues that his common law claim for retaliation (Claim 5) arises under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, as it is brought in conjunction with his federal claim under that statute. Plaintiff does not explain why his breach of contract, breach of implied covenant, and negligent hiring claims are authorized by statute, and he does not plead the existence of a statutory duty with particularity as to any of his common law claims. See, e.g., Harris v. County of San Diego, 2024 WL 2441046, *8 (S.D. Cal. Aug. 25, 2025) (dismissing negligent hiring claim against public entity where plaintiff used only "conclusory statements to support this cause of action"). Plaintiff's Claims 1, 2, 5 and 7 are subject to dismissal on this basis. However, insofar as plaintiff's insufficiently pled claims are not time-barred, the court will grant leave to amend.

B. Claims 1 & 2: Breach of Contract and Implied Covenant

Defendant Regents argues that Claims 1 (breach of contract) and Claim 2 (breach of implied covenant of good faith and fair dealing) fail to state a claim because plaintiff does not allege facts showing the existence of a contract between himself and the Regents. Both claims require a contract to exist between the parties. See Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga, 174 Cal. App. 4th 1306, 1344 (2009) ("Breach of the covenant of good faith and fair dealing is nothing more than a cause of action for breach of contract.").

Under California law, a contract requires (1) parties capable of contracting, (2) their consent, (3) a lawful object, and (4) a sufficient cause or consideration. Cal. Civil Code § 1550. In opposition to the motion, plaintiff asserts that his contractual relationship with defendant UC Regents "aris[es] from" plaintiff's enrollment in the PA program and the program's written policies, and the university catalog. (ECF No. 13 at 5-6.) As alleged, these facts are insufficient to meet the required elements. However, courts have found implied contracts between students and universities under various circumstances. Arredondo v. University of La Verne, 618 F. Supp. 3d 937, 944 (C.D. Cal. Aug. 2, 2022) ("Because a formal contract between a student and university

is rarely prepared, the general nature and terms of the agreement are usually implied, with specific terms to be found in the university bulletin and other publications; customs and usages can also become specific terms by implications." (citation modified) (collecting cases). To determine which university statements "become party of the implied contract, . . . a plaintiff must identify specific statements in a university's publications that formed the alleged promise." Id.

Plaintiff's Claims 1 and 2 are subject to dismissal for failure to sufficiently allege a contract, but the court will grant leave to amend.

C. Claims 3, 4, 5, 7 & 8

Defendant Regents argues that Claims 3 (discrimination), Claim 4 (due process), Claim 5 (retaliation), Claim 7 (negligent hiring, supervision, and retention), and Claim 8 (failure to prevent discrimination) are time-barred.

Assuming arguendo all plaintiff's claims accrued in March 2022 when he was put on notice of wrongful conduct, he filed suit more than three years later in April 2025. Plaintiff does not dispute that the above claims have either a two- or three-year statute of limitations[3], such that, absent tolling or some other exception, they are time-barred. As discussed above, neither equitable tolling nor the continuing violation doctrine apply here. Thus, these claims will be dismissed as time-barred without leave to amend, as amendment appears futile.

In sum, for the reasons discussed above, plaintiff's breach of contract and breach of implied covenant claims against defendant Regents will be dismissed with leave to amend. All other claims against defendants Pearl and Regents will be dismissed without leave to amend. As plaintiff may file an amended complaint, the court declines to strike the request for punitive

---

[3] As to Claim 3 and 5, claims under 42 U.S.C. § 2000d have a two-year statute of limitations. Taylor v. Regents of the University of California, 993 F.3d 710, 712 (1993) (claims under § 2000d have same limitations period as claims under 42 U.SC. § 1983). Claims under Cal Cov. Code § 11135 have a three-year statute of limitations. Sharkey v. O'Neal, 778 F.3d 767, 773 (9th Cir. 2015). As to Claim 4, a § 1983 due process claim has a two-year statute of limitations. Wallace, 549 U.S. at 387. As to Claim 7, a claim for negligence has a two-year statute of limitations. Cal. Code Civ. Pro. § 335.1. As to Claim 8, prior to filing under Cal. Gov. Code § 12940k, a plaintiff must have filed an administrative claim "within three years of the date [plaintiff was] last harmed." See Civil Rights Department, State of California, https://calcivilrights.ca.gov/complaintprocess/ (last visited 9/2/26).

damages in the original complaint.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. Defendant Pearl's motion to dismiss (ECF No. 9) is GRANTED;
2. All claims against defendant Pearl are dismissed without leave to amend;
3. Defendant The Regents of California's motion to dismiss (ECF No. 10) is GRANTED as follows:
   a. Claims 1 and 2 are dismissed with leave to amend; and
   b. Claims 3, 4, 5, 7, and 8 are dismissed without leave to amend;
4. Plaintiff shall file any amended complaint, labeled "First Amended Complaint," no later than thirty (30) days from the date of this order; and
5. Plaintiff's failure to timely file an amended complaint may result in dismissal of this action.

Dated: September 3, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/padn3749.mtds